TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>        v.<br><br>All securities in TD Ameritrade account 426-845882 in the name of Kofi Sarfo and Rose Sarfo,<br><br>             Defendant. | 2:23-CV-1193-GMN-DJA<br><br>**Order Granting Stipulation for Entry of Judgment of Forfeiture as to Kofi Sarfo, Rose Sarfo, Vista Medical Associates, Inc., KR Sarfo Family Trust, and Kofirose LLC** |

The United States and Kofi Sarfo; his counsel, Kwame Jangha Manley, Leo R. Tsao, and Robert M. Draskovich, Jr.; Rose Sarfo, her counsel, Paul S. Padda; Vista Medical Associates, Inc.; KR Sarfo Family Trust; and Kofirose LLC agree as follows:

1.    The Grand Jury indicted Kofi Sarfo and Rose Sarfo in *United States v. Kofi Sarfo and Rose Sarfo*, 2:23-CR-00132-APG-EJY. The United States brought a civil forfeiture in rem action, *United States v. All Securities in TD Ameritrade account 426-845882 in the name of Kofi Sarfo and Rose Sarfo, now known as Charles Schwab account in the name of Kofi Ebenezer Sarfo & Rose Kyei-Sarfo Jt. Ten., account number 3473-9450*, 2:23-CV-1193-GMN-DJA.

2.    This civil forfeiture action seeks to forfeit All securities in TD Ameritrade account 426-845882 in the name of Kofi Sarfo and Rose Sarfo now known as Charles Schwab account in the name of Kofi Ebenezer Sarfo & Rose Kyei-Sarfo Jt. Ten., account number 3473-9450 under 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1014; 18 U.S.C. § 371, conspiracy to commit 18 U.S.C. § 1014; 18

U.S.C. § 1343; 18 U.S.C. § 1349, conspiracy to commit 18 U.S.C. § 1343; 18 U.S.C. § 1344; 18 U.S.C. § 1349, conspiracy to commit 18 U.S.C. § 1344; 18 U.S.C. § 1956(a)(1)(B)(i); 18 U.S.C. § 1956(h), conspiracy to commit 18 U.S.C. § 1956(a)(1)(B)(i); 18 U.S.C. § 1957; and 18 U.S.C. § 1956(h), conspiracy to commit 18 U.S.C. § 1957.[1]

3.    The government incorporates the facts in the Complaint for Forfeiture in Rem and Kofi Sarfo's and Rose Sarfo's factual statements in their respective Plea Agreements in *United States v. Kofi Sarfo and Rose Sarfo*, 2:23-CR-132-APG-EJY into this stipulation as if fully set forth herein.[2] Sarfos do not contest that if the case were to proceed to trial, the government would have offered sufficient evidence to prosecute that the Sarfos controlled and used Vista Medical Associates, Inc.; KR Sarfo Family Trust; and Kofirose, LLC, to commit the above-named crimes and facts.

4.    In Sarfos' criminal case, counsel for Sarfos proposed a global settlement of the criminal case and this civil forfeiture in rem action to avoid further litigation by saving the parties', their lawyers', and this Court's paucity of resources and time. Kofi Sarfo's, Rose Sarfo's, Vista Medical Associates, Inc.'s; KR Sarfo Family Trust's; and Kofirose, LLC's (Parties) signing this stipulation does not constitute admissions of facts and crimes.

5.    The following shares from the above-named account were returned to Sarfos through the criminal case:[3]

| Stock | Shares |
|---|---|
| Alphabet | 95 |
| BioNTech | 87 |
| Coinbase | 60 |
| Gamestop | 200 |
| Moderna | 60 |
| Shopify | 433 |
| Tesla | 513 |
| **Total** | **1448** |

---

[1] Complaint for Forfeiture in Rem (Complaint), ECF No. 1.
[2] LR IA 10-3(a); Complaint, ECF No. 1; Kofi Sarfo's Plea Agreement, ECF No. ___ and Rose Sarfo's Plea Agreement, ECF No. ___ in 23-CR-132-APG-EJY.
[3] *United States v. Kofi Sarfo and Rose Sarfo*, 23-CR-132-APG-EJY, ECF No. 59.

6. What the United States did not return to Sarfos is the Remainder of, and any and all Appreciation of, All Securities and cash in TD Ameritrade account 426-845882 in the name of Kofi Sarfo and Rose Sarfo now known as Charles Schwab account in the name of Kofi Ebenezer Sarfo & Rose Kyei-Sarfo Jt. Ten., account number 3473-9450 (forfeitable property).

7. Parties knowingly, voluntarily, and intellectually agree to the civil judicial forfeiture of the Remainder of, and any and all Appreciation of, All Securities and cash in TD Ameritrade account 426-845882 in the name of Kofi Sarfo and Rose Sarfo now known as Charles Schwab account in the name of Kofi Ebenezer Sarfo & Rose Kyei-Sarfo Jt. Ten., account number 3473-9450.

8. Parties knowingly, voluntarily, and intellectually agree to forfeit the forfeitable property to the United States under 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1014; 18 U.S.C. § 371, conspiracy to commit 18 U.S.C. § 1014; 18 U.S.C. § 1343; 18 U.S.C. § 1349, conspiracy to commit 18 U.S.C. § 1343; 18 U.S.C. § 1344; 18 U.S.C. § 1349, conspiracy to commit 18 U.S.C. § 1344; 18 U.S.C. § 1956(a)(1)(B)(i); 18 U.S.C. § 1956(h), conspiracy to commit 18 U.S.C. § 1956(a)(1)(B)(i); 18 U.S.C. § 1957; and 18 U.S.C. § 1956(h), conspiracy to commit 18 U.S.C. § 1957.

9. Parties knowingly, voluntarily, and intellectually agree to this Court imposing the civil judicial forfeiture of the forfeitable property.

10. Parties knowingly, voluntarily, and intellectually understand this Court will impose the civil forfeiture of the forfeitable property.

11. Parties knowingly, voluntarily, and intellectually agree to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the forfeitable property.

12. Parties knowingly, voluntarily, and intellectually agree to waive their rights to any civil judicial forfeiture proceedings or criminal judicial forfeiture proceedings (proceedings) concerning the forfeitable property.

/ / /

3

13. Parties knowingly, voluntarily, and intellectually agree to waive service of process of all documents filed in this action or any proceedings concerning the forfeitable property arising from the facts and circumstances of this case and the criminal case.

14. Parties knowingly, voluntarily, and intellectually agree to waive any further notice to them, their agents, or their attorneys regarding the forfeiture and disposition of the forfeitable property.

15. Parties knowingly, voluntarily, and intellectually agree not to file any claims, answers, counterclaims, petitions for remission or mitigation, third-party petitions, and any other documents in any proceedings concerning the forfeitable property.

16. Parties knowingly, voluntarily, and intellectually agree to withdraw any claims, answers, counterclaims, petitions for remission or mitigation, third-party petitions, and any other documents they filed in any proceedings concerning the forfeitable property.

17. Parties knowingly, voluntarily, and intellectually agree not to contest, agree not to assist, and agree not to have any other individual, entity, or government entity to contest, the forfeiture in any proceedings concerning the forfeitable property.

18. Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, *Bivens* actions, the Federal Tort Claims Act (FTCA), the Administrative Procedure Act (APA), the Tucker Act, the Little Tucker Act, and Fed. R. Crim. P. 41(g) Motion for Return of Property in any proceedings concerning the forfeitable property.

19. Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the Ex Post Facto Law under Sections 9 and 10 of Article I of the United States Constitution in any proceedings concerning the forfeitable property.

20. Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims including, but not limited to, the seizure and forfeiture of the forfeitable property in any proceedings under the Fourth Amendment to the United States Constitution concerning the forfeitable property.

21.    Parties knowingly, voluntarily, and intellectually agree to waive the statute of limitations; the CAFRA requirements; Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions A, C, E, and G; 18 U.S.C. §§ 981 and 983; Fed. R. Crim. P. 7, 11, 32.2, and 43(a); including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeitable property, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the forfeitable property including, but not limited to, the Double Jeopardy Clause and the Due Process Clause under the Fifth Amendment to the United States Constitution in any proceeding concerning the forfeitable property.

22.    Parties knowingly, voluntarily, and intellectually agree to waive all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the forfeitable property including, but not limited to, a jury trial or bench trial under the Sixth Amendment and Seventh Amendment to the United States Constitution in any proceedings concerning the forfeitable property.

23.    The Parties knowingly, voluntarily, and intellectually agree to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the forfeitable property including, but not limited to, the Excessive Fines Clause and the Cruel and Unusual Punishments Clause under the Eighth Amendment to the United States Constitution in any proceedings concerning the forfeitable property.

24.    Parties knowingly, voluntarily, and intellectually agree to waive any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the forfeitable property in any proceedings concerning the forfeitable property under *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

/ / /

25.    The Parties knowingly, voluntarily, and intellectually agree to the entry of a Judgment of Forfeiture of the forfeitable property to the United States.

26.    The Parties knowingly, voluntarily, and intellectually agree to waive the right to appeal any Forfeiture Order.

27.    The Parties knowingly, voluntarily, and intellectually agree the forfeitable property is forfeited to the United States and can be taken into custody immediately by the United States.

28.    The Parties knowingly, voluntarily, and intellectually understand the forfeiture of the forfeitable property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, and any other penalty this Court may impose on the Parties in addition to the forfeiture.

29.    The Parties knowingly, voluntarily, and intellectually acknowledge the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution in the related criminal case.

30.    The Parties knowingly, voluntarily, and intellectually agree to take all steps as requested by the United States Attorney's Office to pass clear title of the forfeitable property to the United States and to testify truthfully in any proceedings, including, but not limited to, any forfeiture proceeding. The Parties understand and agree the forfeitable property represents proceeds of illegal conduct and is forfeitable.

31.    Sarfos will be responsible for any and all national and state tax obligations, fines, penalties, and any other monetary obligations.

32.    The Parties knowingly, voluntarily, and intellectually agree to the conditions set forth in this Stipulation for Entry of Judgment of Forfeiture as to Kofi Sarfo, Rose Sarfo, Vista Medical Associates, Inc., KR Sarfo Family Trust, and Kofirose LLC and Order (Stipulation).

33.    The Parties knowingly, voluntarily, and intellectually agree to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Marshals Service, the Federal Bureau of

Investigation, their agencies, their agents, and their employees from any claim made by them or any third party arising from the facts and circumstances of this case.

34. The Parties knowingly, voluntarily, and intellectually release and forever discharge the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Marshals Service, the Federal Bureau of Investigation, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind the Parties now have or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

35. Each party knowingly, voluntarily, and intellectually acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

36. The Parties knowingly, voluntarily, and intellectually agree this Stipulation contains the entire agreement between them.

37. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied on in entering into this Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing this Stipulation.

38. The persons signing this Stipulation knowingly, voluntarily, and intellectually warrant and represent they have full authority to execute this Stipulation and to bind the persons and entities, on whose behalf they represent and are signing, to the terms of this Stipulation.

39. The Parties knowingly, voluntarily, and intellectually agree this Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law and the jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

/ / /

7

40. Each party knowingly, voluntarily, and intellectually agrees she, he, and it shall bear each's own attorneys' fees, expenses, costs, and interest.

41. The Parties knowingly, voluntarily, and intellectually agree this Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of All securities in TD Ameritrade account 426-845882 in the name of Kofi Sarfo and Rose Sarfo now known as Charles Schwab account in the name of KOFI EBENEZER SARFO & ROSE KYEI-SARFO JT TEN, account number 3473-9450.

DATED: 5/5/2026

Paul S. Padda, Counsel for
Rose Sarfo, KR Sarfo Family Trust,
Vista Medical Associates, Inc.
Kofirose LLC

DATED: 5/5/26

Rose Sarfo

DATED: 5/5/26

Rose Sarfo, Secretary & Treasurer
Vista Medical Associates, Inc.

DATED: 5/5/26

Rose Sarfo, Manager,
Kofirose, LLC

DATED: 5/5/26

DATED: 5/5/2026

Kwame Jangha Manley, Counsel for
Kofi Sarfo, KR Sarfo Family Trust,
Vista Medical Associates, Inc.,
Kofirose LLC

DATED: 5/4/26

Robert M. Draskovich, Jr., Counsel for
Kofi Sarfo

DATED: 5/4/24

Kofi Sarfo

DATED: 5/5/2026

Kofi Sarfo, President & Director,
Vista Medical Associates, Inc.

DATED: 5/5/2026

8

Rose Sarfo, Trustee,
KR Sarfo Family Trust

Kofi Sarfo, Member,
Kofirose, LLC

DATED: 5/5/26

DATED: 5/5/2026

Kofi Sarfo, Trustee,
KR Sarfo Family Trust

Leo R. Tsao, Counsel for Kofi Sarfo

DATED: 5/13/26

TODD BLANCHE, Acting Attorney
General of the United States

_/s/ Daniel D. Hollingsworth_
Daniel D. Hollingsworth
Assistant United States Attorney

**DATED** this __6__ day of July, 2026.

Gloria M. Navarro, District Judge
United States District Court

9